UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID SMITH, #683591,

       Petitioner,

v.                                                                          CASE NO. 2:11-CV-10785
                                                                            HONORABLE MARIANNE O. BATTANI

MARY BERGHUIS,

       Respondent.
_____/

**OPINION AND ORDER DISMISSING WITHOUT PREJUDICE THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.     Introduction**

This is a habeas case brought pursuant to 28 U.S.C. § 2254.  Michigan prisoner David Smith ("Petitioner"), currently confined at the West Shoreline Correctional Facility in Muskegon Heights, Michigan, asserts that he is being held in violation of his constitutional rights.  Petitioner raises an insufficient evidence claim and three sentencing claims in his pleadings.  He has also filed a motion to stay the proceedings and hold this case in abeyance so that he may exhaust state court remedies as to additional claims of ineffective assistance of counsel and trial court error.  For the reasons stated herein, the Court concludes that Petitioner has not properly exhausted state court remedies as to one of his sentencing claims and that a stay is unwarranted.  The Court therefore dismisses without prejudice the petition for a writ of habeas corpus and denies the motion to stay.  The Court also denies a certificate of appealability and denies leave to

proceed *in forma pauperis* on appeal.

## II.     Facts and Procedural History

Petitioner was convicted of involuntary manslaughter with a motor vehicle, MICH. COMP. LAWS § 750.321, witness intimidation, MICH. COMP. LAWS § 750.122(7)(b), and reckless driving, MICH. COMP. LAWS § 257, 626, following a jury trial in the Jackson County Circuit Court. He was sentenced as a second habitual offender, MICH. COMP. LAWS § 769.10, to concurrent terms of 10 to 22 years imprisonment, 5 to 15 years imprisonment, and 93 days in jail on those convictions in 2008.

Following sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals asserting that: (1) the prosecution presented insufficient evidence to support his conviction for witness intimidation, 2) Offense Variables 9 and 19 of the state sentencing guidelines were incorrectly scored based upon inaccurate information, and (3) the trial court failed to provide objective and compelling reasons to support an upward departure on his witness intimidation sentence. The Michigan Court of Appeals affirmed his convictions, but remanded the case for resentencing, finding that Offense Variable 19 was improperly scored as to the manslaughter sentence and that a determination should be made as to the proportionality of the witness intimidation sentence. *People v. Smith*, No. 286479, 2009 WL 2920595 (Mich. Ct. App. Nov. 19, 2009) (unpublished). Petitioner and the prosecution both sought leave to appeal with the Michigan Supreme Court. The court denied Petitioner's application, but granted the prosecution's application, limited to the scoring of Offense Variable 19. The court then reversed the Michigan Court of Appeals' decision in part and reinstated Petitioner's manslaughter sentence. *People v. Smith*, 488 Mich. 193, _ N.W.2d _ (Dec. 29, 2010).

Petitioner dated the present petition on February 22, 2011. He raises the same three claims presented to the Michigan appellate courts, as well as a claim that the Michigan Supreme Court's decision resulted in an ex post facto violation. Petitioner has also filed a motion to stay the proceedings and hold this case in abeyance so that he may exhaust additional issues of ineffective assistance of counsel and trial court error.

**III.     Analysis**

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). A Michigan prisoner must first present each issue he seeks to raise on habeas review to the state courts. The claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be presented as federal constitutional issues. *See Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner has not met his burden of demonstrating exhaustion of state court remedies. He acknowledges that he has not presented his last habeas claim, alleging an ex post facto

3

violation, to the Michigan courts. Moreover, contrary to his assertion, he has an available remedy to do so – he may file a motion for relief from judgment in the state trial court and related appeals as necessary. Petitioner has thus failed to properly exhaust all of his habeas claims in the state courts before proceeding on federal habeas review.

Generally, a federal district court should dismiss a "mixed" petition for writ of habeas corpus, that is, one containing both exhausted and unexhausted claims, "leaving the prisoner with the choice of returning to state court to exhaust his claims or amending and resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510 (1982); *see also Rust*, 17 F.3d at 160. While the exhaustion requirement is strictly enforced, it is not a jurisdictional prerequisite for bringing a habeas petition. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). For example, an unexhausted claim may be addressed if pursuit of a state court remedy would be futile, *see Witzke v. Withrow*, 702 F. Supp. 1338, 1348 (W.D. Mich. 1988), or if the unexhausted claim is meritless such that addressing it would be efficient and not offend federal-state comity. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *see also* 28 U.S.C. § 2254(b)(2) (habeas petition may be denied on the merits despite the failure to exhaust state court remedies).

A federal court has discretion to stay a mixed habeas petition to allow a petitioner to present his unexhausted claims to the state courts in the first instance and then return to federal court on his perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). However, stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in

federal court and the unexhausted claims are not "plainly meritless." *Id*. at 277.

As noted, Petitioner has available remedies in the Michigan courts which must be exhausted before proceeding in federal court. For example, he may file a motion for relief from judgment pursuant to Michigan Court Rule 6.500 with the state trial court raising his unexhausted issues (his ex post facto claim, as well as his ineffective assistance of counsel and trial court error claims) in the state appellate courts as necessary.

Additionally, the one-year statute of limitations applicable to federal habeas actions, *see* 28 U.S.C. § 2244(d), does not pose a problem for Petitioner as long as he pursues his state court remedies in a prompt fashion. The one-year period does not begin to run until 90 days after the conclusion of direct appeal, *see Lawrence v. Florida*, 549 U.S. 327, 333 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000); SUP. CT. R. 13(1), on or about March 29, 2011. The one-year period has thus not yet begun to run. The one-year period will be tolled while any properly filed state post-conviction or collateral actions are pending. *See* 28 U.S.C. § 2244(d)(2); *see also Carey v. Saffold*, 536 U.S. 214, 219-221 (2002). Given that the full one-year period remains, Petitioner has sufficient time in which to fully exhaust his issues in the state courts and return to federal court should he wish to do so. A stay is unnecessary.

Petitioner has also not shown good cause for failing to fully exhaust his claims in the state courts, *i.e.*, by filing a motion for relief for judgment, before proceeding in federal court on habeas review. Moreover, his unexhausted claims appear to concern matters of federal law which may warrant further consideration. Those claims should be addressed to, and considered by, the state courts in the first instance.

Federal law provides that a habeas petitioner is only entitled to relief if he can show that

the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States.  *See* 28 U.S.C. § 2254(d).  If this Court were to review Petitioner's unexhausted claims, such an action would deny the state courts the deference to which they are entitled.  The state courts must first be given a fair opportunity to rule upon all of Petitioner's claims before he litigates them in this Court.  Otherwise, the Court is unable to apply the standard found at 28 U.S.C. § 2254.

**IV.    Conclusion**

For the reasons stated, the Court concludes that Petitioner has not fully exhausted his state court remedies as to one of the claims contained in his petition.  Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus.  Should Petitioner wish to delete the unexhausted claim and proceed only on his fully exhausted claims, he may move to re-open this case and amend his petition to proceed only on the exhausted claims within 30 days of the filing date of this order.  The Court also **DENIES** Petitioner's motion to stay the proceedings and hold this case in abeyance so that he may exhaust additional issues in the state courts.  As discussed *supra*, a stay is unwarranted.  The Court makes no determination as to the merits of Petitioner's claims.

Before Petitioner may appeal this decision, a certificate of appealability must issue.  See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of

reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). The Court concludes that reasonable jurists could not debate whether the Court was correct in its procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** leave to proceed *in forma pauperis* on appeal as any appeal would be frivolous and cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

    **IT IS SO ORDERED.**


                          s/Marianne O. Battani
                          MARIANNE O. BATTANI
                          UNITED STATES DISTRICT JUDGE

Dated:  March 4, 2011


CERTIFICATE OF SERVICE

    I hereby certify that on the above date a copy of this Opinion and Order was served upon the Petitioner, David Smith via ordinary U.S. Mail.

                          s/Bernadette M. Thebolt
                          Case Manager